Thomas F. COLEMAN, Appellant, v. QUALITY CONCRETE PRODUCTS, INC., and Employers Mutual of Wausau, Respondents

(142 S. E. (2d) 43)

*Messrs. Bolt & Bowen,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondents,*

April 30, 1965.

Bussey, Justice.

In this Workmen's Compensation case the employee-appellant, on July 29, 1963, sustained an injury resulting in a double hernia and a surgical operation therefor which was performed on August 23, 1963, the employee having been discharged as recovered by the operating surgeon on October 18, 1963. The Commission found, as facts, *inter alia,* "That the employee was discharged by the employer because he could not perform his usual work", and "That the employee has been unable to obtain employment in the open labor market, suitable to his capacity or otherwise, due to his injury on July 29, 1963, thus suffering a total loss of wage earning capacity." He was awarded compensation, *inter alia,* for total disability until the date of the hearing before the single Commissioner, which was January 21, 1964, and continuing thereafter "until such time as the claimant returns to gainful employment suitable to his ca-

pacity or until it is found by the South Carolina Industrial Commission that the total disability has ceased, etc."

The employer, having contended that the employee had not sustained a compensable injury, appealed the entire award to the Greenville County Court which reversed the award only insofar as the employee was awarded compensation for total disability beyond the date of his discharge by the operating surgeon, and remanded the case to the Commission for the determination of any partial disability which the employee might have. From this order the employee appeals.

The employee does not contend that he is totally disabled from a physical or medical standpoint, but does contend that at least until the time of the hearing, if not permanently, he was totally disabled within the purview of the Workmen's Compensation Law in that his earning capacity had been totally destroyed as a result of his injury. The basic contention of the respondent is that there is no competent evidence in the record to support the finding of fact by the Commission that the employee's earning capacity was so totally destroyed. It is unnecessary to cite authority for the proposition that our review of factual findings by the Commission is limited to the determination of whether or not there is any competent evidence to sustain such. Other principles of law applicable to the case before us are well set forth in *Wynn v. Peoples Natural Gas Co. of S. C.,* 238 S. C. 1, 118 S. E. (2d) 812, in the following language:

"Disability in compensation cases is to be measured by loss of earning capacity. *Keeter v. Clifton Mfg. Co.,* 225 S. C. 389, 82 S. E. (2d) 520. Total disability does not require complete helplessness. Inability to perform common labor is total disability for one who is not qualified by training or experience for any other employment. *Colvin v. E. I. DuPont de Nemours Co.,* 227 S. C. 465, 88 S. E. (2d) 581. On the other hand the rule in most states is

that an employee who is capable of performing other work that is continuously available to him will not be deemed totally disabled because he is unable to resume the duties of the particular occupation in which he was engaged at the time of his injury. *Clark v. Henry & Wright Mfg. Co.,* 1950, 136 Conn. 514, 72 A. (2d) 489; *Frennier's Case,* 1945, 318 Mass. 635, 63 N. E. (2d) 461; *Stillwater Worsted Mills, Inc. v. Beal,* 1959 [89 R. I. 34], 150 A. (2d) 704; Larson's Workmen's Compensation Law, Section 57.53. The generally accepted test of total disability is inability to perform services other than those that are 'so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist.' *Lee v. Minneapolis Street Ry. Co.,* 1950, 230 Minn. 315, 41 N. W. (2d) 433, 436; *Colvin v. E. I. DuPont de Nemours Co., supra;* Larson's Workmen's Compensation Law, Section 57.51."

In the light of the foregoing principles, we proceed to review the evidence. The employee at the time of the hearing was 58 years of age. He has a sixth grade education, left the farm when he was 17 years of age, and became employed as a heavy equipment operator, in which capacity he operated bulldozers, motor graders, front end loaders, earth moving machines, etc., which vocation he followed for a total of thirty-seven years. The only other job he ever held was for a period of approximately two and a half years when he was a maintenance man or janitor for an apartment building. He was, at the time of his injury and for a number of years prior thereto, employed at his regular vocation. Incident to his job, he was responsible for the repair and maintenance of the equipment which he operated. The uncontradicted medical evidence is to the effect that following and as a result of his injury he is no longer able to perform the duties incident to his regular vocation. He was refused further employment in such capacity by his employer and told that the employer had no light work which he was able to perform.

The medical testimony is to the effect that the employee should do no heavy work that requires lifting, or operate any machine that would involve rough bumping or jarring. It is undisputed, however, that the employee is able to drive light equipment and perform various jobs which would require only light work, such as night watchman, parking lot attendant, etc. He has some mechanical skill and could do light mechanical work or maintenance work in an apartment building if such employment be available. The findings of fact by the Commission that the employee had been unable to obtain employment in the open labor market suitable to his capacity, or otherwise, due to his injury and had suffered a total loss of wage earning capacity, rests solely upon the testimony of the employee as to his efforts to obtain employment. He testified that between the date of his discharge by the doctor in October and the date of the hearing the following January, a period of approximately three months, he not only repeatedly sought employment with respondent, which was refused, but sought employment through the South Carolina State Employment Service and some eighteen other possible or potential employers. According to his testimony, the positions which he applied for ranged from night watchman to manager of an apartment building. He further testified that he was seeking any job he could find within his capabilities, and that up to the date of the hearing he had been unsuccessful. None of the contacted employers was called to testify as to precisely why the employee was not hired, but all possible employers either inquired, or were informed by the employee, of the state of his health, when he applied for work.

The burden, of course, was upon the employee to prove, in accordance with the generally acceptable test of total disability, that he was unable to perform services other than those that were so limited in quality, dependability, or quantity that a reasonably stable market for them did not exist. An award in his favor may not rest on surmise, conjecture or speculation and must be founded

on evidence of sufficient substance to afford a reasonable basis for it. *Wynn v. Peoples Natural Gas Co., of S. C., supra,* and cases therein cited.

In Larson's Workmen's Compensation Law, Vol. II, Section 57-66, it is said that

"Whenever claimant depends in part on a showing that he has been unable to get work because of his physical condition it naturally follows that * * * claimant must prove that he has made reasonable efforts to secure employment * * *."

Here, we think the employee has proved that he has made not only reasonable, but diligent efforts to secure employment. The real question is whether the evidence is of sufficient substance to afford a reasonable basis for the Commission concluding as a matter of fact that the employee's inability to obtain employment was due to his injury and resultant partial physical incapacity. The employee could well have offered stronger and clearer proof, showing any causal connection between his partial physical incapacity and his unemployment, by calling as witnesses various employers who refused to employ him, or by calling an expert such as the director of the employment service, as to the absence of a reasonably stable market for the services of a person of his limited capacity.

It is, of course, true that a number of employers to whom he applied may well have declined to employ him for reasons totally unrelated to his limited capacity. However, when we consider the efforts made by him in the relatively short period of three months through the employment service and some eighteen possible or potential employers, we cannot say that the evidence was not susceptible of the reasonable inference, or did not afford a reasonable basis for the Commission concluding, that his unemployment and inability to obtain work of any kind was the direct result of his injury and resultant limited capacity.

It should be remembered that the award here for total disability was not a permanent one, but a temporary one. If, in point of fact, a reasonably stable market does exist for the limited services which the employee here is able to perform, the employer can be relieved of the liability to pay total disability benefits by either offering or procuring for the employee such employment pursuant to the terms of Section 72-170 of the Code, which reads as follows:

"If an injured employee refuses employment procured for him suitable to his capacity and approved by the Commission he shall not be entitled to any compensation at any time during the continuance of such refusal."

The lower court relied strongly on the case of *Wynn v. Peoples Natural Gas Co. of S. C., supra,* wherein an award for total disability was reversed. While that case clearly enunciates the legal principles applicable to this case, the factual situation there is clearly distinguishable from the factual situation here. There, the employee was not discharged, or refused further employment, because of his partial incapacity, while here the employee was. There, the employee had actually worked for an appreciable period of time following his discharge by the doctor, and there was no evidence that he had sought any other employment within his limited capabilities. Here, the employee had diligently sought such employment, but had been unsuccessful and up to the date of the hearing had performed no gainful work whatsoever.

For the foregoing reasons, the ruling of the lower court, here appealed from, is reversed and the award of the Commission reinstated and affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.