### 0505

Irene KOON, Appellant, v. SPARTAN MILLS and Liberty Mutual Insurance Company, Respondents.

(332 S. E. (2d) 544)

Court of Appeals

*C. Robert Faucette,* of *Faucette & Rudasill,* Spartanburg, *for appellant.*

*Elford H. Morgan* and *Stanley T. Case, Butler, Means, Evins & Browne,* Spartanburg, *for respondents.*

Heard March 19, 1985.

Decided June 19, 1985.

SHAW, Judge:

Appellant Irene Koon contracted a pulmonary disease working for respondent Spartan Mills. She filed this claim for benefits with the Industrial Commission, and a hearing commissioner awarded compensation up to 500 weeks. However, the Commission reversed, finding (1) Mrs. Koon does not suffer a compensable disease, and (2) even if she does, her claim is barred by the statute of limitations. The circuit court affirmed. We affirm.

A circuit court will either affirm a decision of the Commission, or, it will reverse "if substantial rights of the appellant have been prejudiced because the administrative findings [are, among other things, clearly] erroneous in view of the substantial evidence on the whole record." S. C. Code Ann. § 1-23-380(g)(5) (1976 & Supp. 1984); *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304, 307 (1981).

Mrs. Koon, age sixty-four, has worked in textile mills since she was twenty-two. From 1955 to 1976 she worked with cotton products in a Spartan Mills plant, first in the winding room, and later in the weave room. In 1974 Mrs. Koon began having respiratory problems and consulted Dr. Jack M. Whittaker, a family practitioner. Dr. Whittaker testified on direct examination that in 1976 he (1) "recommended [Mrs. Koon] was having probably an occupational type asthma [and felt] she was going to have to retire from the environmental work she was in," and (2) "diagnosed [her condition] as more or less of an occupational asthma." However, he testified on cross-examination he (1) had not used

the term "occupational asthma" in his diagnosis, and (2) would have deferred to a specialist for a definite diagnosis. In 1981 Mrs. Koon consulted Dr. Stuart M. Barnes, a specialist in internal medicine, who diagnosed her with brown lung disease. Dr. Barnes testified by deposition Mrs. Koon (1) "has a history in her occupational and respiratory history that to me is suggestive of a very severe byssinotic reactive state from which she has developed some chronic bronchitis" and "has stage two [byssinosis] with very little severe irreversible lung damage," and (2) could never return to textile work because of her breathing problem, and would never obtain any other work because of her breathing and heart problems combined.

Total disability for purposes of the Workers' Compensation Law, "means the physical inability to perform work in any occupation." Section 42-11-20.[1] When Mrs. Koon was disabled, the statute read, "No compensation shall be payable for any pulmonary disease arising out of the inhalation of organic or inorganic dusts unless the claimant ... suffers a total disability therefrom." Section 72-255 (1962).

Substantial evidence, for purposes of the Administrative Procedures Act, "is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached." *Laws v. Richland School District One*, 270 S. C. 492, 243 S. E. (2d) 192, 193 (1978). This record contains evidence which allows reasonable minds to reach the Commission's conclusion Mrs. Koon is disabled by cotton dust from working in her previous occupation, but not from working in *any* occupation.

Our determination of the total disability question renders unnecessary our consideration of the statute of limitations problem. Section 42-15-40 provides, "The right to compensation under this title shall be forever barred unless a claim is filed with the Commission within two years after an acci-

---

[1] The South Carolina decisions have interpreted the statute to mean disability in compensation cases is to be measured by loss of earning capacity, not complete physical helplessness. *See e.g., Coleman v. Quality Concrete Products, Inc.*, 245 S. C. 625, 142 S. E. (2d) 43 (1965); *Colvin v. E. I. Du Pont De Nemours Company*, 227 S. C. 465, 88 S. E. (2d) 581 (1955).

dent . . . ; *provided,* however, that in the case of occupational disease claims such two-year period shall not begin to run until the employee concerned has been definitively diagnosed as having an occupational disease and has been notified of such diagnosis." (Emphasis in original.) Since we have decided Mrs. Koon has no "right to compensation," it is irrelevant whether her claim for compensation was filed within the statutory period.

Affirmed.

GARDNER and BELL, JJ., concur.