2215

David BROWN, Employee, Appellant v. OWEN STEEL COMPANY, INC., Employer, and Employers Insurance of Wausau, Carrier, Respondents.

(450 S.E. (2d) 57)

Court of Appeals

*James E. Chaffin, Jr.,* Columbia, *for appellant.*

*Ernest G. Lawhorne* and *Andrew F. Lindemann,* Columbia, *for respondents.*

Submitted June 7, 1994.

Decided Aug. 15, 1994; Reh. Den. Nov. 4, 1994.

CURETON, Judge:

In this workers compensation case, the employer, Owen Steel Co., Inc. and the carrier, Employers Insurance of Wausau, sought permission to cease payment of temporary disability benefits to the appellant, David Brown, who sustained a compensable back injury February 16, 1990. The Full Commission, affirming the single commissioner, found Brown had reached maximum medical improvement January 31, 1992, and awarded a thirty-five percent permanent partial disability to the back under the scheduled member Section 42-9-30 of the South Carolina Code. S.C. Code Ann. § 42-9-30 (1976). The circuit court affirmed. Brown appeals, arguing he should have been permitted to seek benefits under § 42-9-20 instead of under § 42-9-30. We affirm.

In rejecting Brown's position that he should be permitted to elect the code section under which he seeks to recover benefits, the Commission and the circuit court both held that if a specific member included in the schedule set forth in § 42-9-30 is implicated, the award must be made pursuant to § 42-9-30. Although we consider the Commission and the circuit court to have misstated the law, we nonetheless agree with the result, and affirm. *See* Rule 220(c), SCACR (appellate court may affirm on any ground appearing in the record).

In *Fields v. Owens Corning Fiberglas*, 301 S.C. 554, 555, 393 S.E. (2d) 172, 173 (1990), the Supreme Court stated:

> Under our Worker's Compensation Act, a claimant may proceed under § 42-9-10 or § 42-9-20 to prove a general disability; *alternatively,* he or she may proceed under § 42-9-30 to prove a loss, or loss of use of, a member, organ, or part of the body for which specific awards are listed in the statute. It is well-settled that an award under the general disability statutes must be predicated upon a showing of a loss of earning capacity, whereas an award under the scheduled loss statute does not require such a showing (citation omitted). The commission may award compensation to a claimant under the scheduled loss statute rather than the general disability statutes so long as there is substantial evidence to support such an award. (Emphasis added.)

*See also Green v. City of Columbia,* — S.C. —, 427 S.E. (2d) 685 n. 2 (Ct. App. 1993) (citing *Fields* as holding claimant may proceed under § 42-9-20 or § 42-9-30); *Lyles v. Quantum Chemical Co.,* — S.C. —, 434 S.E. (2d) 292 (Ct. App. 1993) (although claimant could not recover under section 42-9-10 because he could not demonstrate loss of earning capacity, he could still recover under 42-9-30); *Bixby v. City of Charleston,* 300 S.C. 390, 388 S.E. (2d) 258 (Ct. App. 1989) (section 42-9-20 applies to situations involving diminution of earning capacity, while § 42-9-30 depends upon the character of the injury rather than upon a loss of earnings).

The policy behind allowing a claimant to proceed under the general disability § 42-9-10 and § 42-9-20 allows for a claimant whose injury, while falling under the scheduled member section, nevertheless affects other parts of the body and warrants providing the claimant with the opportunity to establish a disability greater than the presumptive disability provided for under the scheduled member section. *See* A. Larson, *The Law of Workmen's Compensation* § 58.21 (1992). When, however, a scheduled loss is not accompanied by additional complications affecting another part of the body, the scheduled recovery is exclusive. *See Singleton v. Young Lumber Co.,* 236 S.C. 454, 471, 114 S.E. (2d) 837, 845 (1960) ("Where the injury is confined to the scheduled member, and there is no impairment of any other part of the body because of such injury, the employee is limited to the scheduled compensation. . . ."); *see also Moss v. Davey Tree Expert Co.,* 245 S.C. 127, 139 S.E. (2d) 532 (1964) ("[W]here an injury is confined to a scheduled member of the body, the employee is limited to the scheduled compensation fixed in the statute"); *accord* Larson § 58.22.

Brown does not argue on appeal his back injury has affected other parts of his body or that it has contributed to an impairment beyond the scheduled member. Accordingly, Brown has shown no prejudice resulting from the commission requiring him to proceed under the scheduled member section. He can receive no greater disability rating than that presumed in the scheduled member section, having claimed no impairment beyond the scheduled member. 114 S.E. (2d) at 845.

Brown further contends the Commission erred in allowing

the employer to stop payment of temporary total disability compensation, because, despite establishing maximum medical improvement, the employer failed to establish Brown was no longer disabled. Brown notes that Workers' Compensation Regulations 67-504(B) and 67-507(B) state that disability is presumed to continue until the employee returns to work, and since he has not and cannot yet return to work, temporary total disability is presumed to continue. We disagree.

Petitions for the termination of temporary total payments are governed by Workers' Compensation Regulation 67-507. *See* 25A S.C. Code Ann. Regs. 67-507 (1990). Regulation 67-507(C)(3) sets forth four methods by which an employer may prove that temporary total benefits should be terminated. One of these methods provides that an employer may submit an application for stop payment of temporary total benefits accompanied by a certificate from a treating physician that the claimant has reached maximum medical improvement. *See* 25A S.C. Code Ann. Regs. 67-507(C)(3)(a) (1990). Here, in support of their application for stop payment, the employer submitted the treating physician's report indicating Brown had reached "maximum medical healing."

Thus, the Commission terminated temporary total disability pursuant to the appropriate procedure outlined in the regulation, and we see no error. Whether or not Owen Steel must reemploy Brown after the date he reached maximum medical improvement is a question not presented in this appeal.

Affirmed.

HOWELL, C.J., and SHAW, J., concur.