2467

Patricia L. MORGAN, Employee, Appellant v. JPS AUTOMOTIVES, Employer, and Liberty Mutual Insurance Company, Carrier, Respondents.

(467 S.E. (2d) 457)

Court of Appeals

*Greg Morton,* of *Donnan, Morton & Davis,* Greenville, *for appellant.*

*Richard B. Kale, Jr.,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondents.*

Submitted Jan. 9, 1996.

Decided Feb. 20, 1996.

HOWELL, Chief Judge:

In this workers' compensation case, Patricia L. Morgan (Morgan) appeals the Workers' Compensation Commission's

grant of her employer's application to stop payment of temporary total disability benefits, and the Single Commissioner's denial of her motion to adjourn the hearing. We affirm in part, reverse in part, and remand.

Morgan suffered two injuries to her right arm while working for her employer, JPS Automotives (JPS). As a result of these injuries, Morgan developed reflex sympathetic dystrophy with dystonia. In April, 1993, JPS began paying Morgan temporary total disability benefits pursuant to the South Carolina Workers' Compensation Act. In June, 1993, JPS filed an application to stop payment of temporary disability compensation on the ground Morgan reached maximum medical improvement. The Single Commissioner found Morgan suffered a 100% permanent disability to the right arm, reached maximum medical improvement, and JPS was entitled to stop payment of temporary total disability compensation as of June 3, 1993. The Single Commissioner also denied Morgan's motion to adjourn the hearing, finding the motion was not timely filed and the evidence to be submitted was not yet in existence. The Full Commission affirmed the decision of the Single Commissioner in July, 1994. In November, 1994, the circuit court affirmed the order of the Full Commission.

Morgan argues the Single Commissioner erred in denying Morgan's motion for adjournment. We agree. Under 25A S.C. Code Ann. Regs. 67-611 (1990 & Supp. 1995) a claimant represented by an attorney is required to file a Form 58, Pre-hearing Brief with the Commissioner and serve a copy on the opposing party at least ten days before the hearing. On Morgan's Form 58, under the section entitled Unusual Problems, Morgan stated: "[t]he claimant is being evaluated by Dr. William Stewart, a vocational expert. This examination and subsequent report is scheduled shortly following the hearing and Claimant requests that the record be left open for submission of these materials." The Form 58 clearly showed Morgan believed the only issue for adjudication at the hearing was whether she was entitled to continue to receive temporary benefits.

25A S.C. Code Ann. Regs. 67-613(D) (1990) permits the Commissioner to adjourn a hearing to allow a party to procure additional evidence "when the evidence is in existence, identified, and necessary for the decision but un-

available at the hearing." JPS argues because Dr. Stewart had not physically evaluated Morgan, the evidence was not in existence at the time of the hearing. We find the fact the Dr. Stewart had evaluated Morgan's records sufficient to conclude the evidence was in existence at the time of the hearing. JPS also argues Morgan's motion for adjournment was not filed and served in advance, but was made orally at the hearing. We conclude the Form 58 timely notified JPS of Morgan's motion for adjournment. When the claimant notifies the Commissioner and her employer of her request for an adjournment to provide additional proof of disability, as Morgan did in her Form 58, an adjournment causes no prejudice to the employer. The Commissioner should have permitted adjournment in the interest of justice. *See Brown v. LaFrance Indus.*, 286 S.C. 319, 333 S.E. (2d) 348 (Ct. App. 1985) (when the claimant in a workers' compensation case inadvertently omits proof of causation, the case should be reopened and an opportunity should be afforded the claimant to supply such proof in the interest of justice). We therefore find the Commissioner erred in denying Morgan's motion for adjournment.

Morgan next argues the Single Commissioner and Full Commission erred in failing to make specific findings of fact and impliedly rejecting Morgan's contention that she suffered a total disability. We agree. The order of the single commissioner finds Morgan has a 100% loss of use of the right arm. The Hearing Commissioner noted Morgan often had severe pain, the pain affected her ability to sleep, she would need botox injections on a regular and recurring basis to control the tremor in her arm, and she had difficulty performing simple household tasks. However, the commissioner made no findings of fact as to whether Morgan is entitled to recover for an impairment to the whole person.

Where an injury is confined to a scheduled member and there is no impairment to any other part of the body, the employee is limited to the scheduled compensation for that body part. *Singleton v. Young Lumber Co.*, 236 S.C. 454, 114 S.E. (2d) 837 (1960); *Brown v. Owen Steel Co.*, 316 S.C. 278, 450 S.C. (2d) 57 (Ct. App. 1994). However, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the claimant should have the opportunity to establish a disability greater than the

presumptive disability provided for under the scheduled member section. *Brown v. Owen Steel Co.*, 316 S.C. 278, 450 S.E. (2d) 57 (Ct. App. 194). The Single Commissioner failed to make any findings regarding Morgan's claim that her disability extended beyond the disability to the scheduled member. Thus, we remand this issue for the Commission to make specific findings of fact as to whether Morgan was entitled to recover for an impairment to the whole person.

Morgan argues the commission erred in granting JPS's application to stop payment of temporary total disability benefits. We disagree. Morgan argues the application to stop payment was improperly granted because her disability was presumed to continue, she was never released to return to work "without restriction," and the medical doctor and employer both conceded she could not return to her prior work.

25A S.C. Code Ann. Regs. 67-507(C)(3) (1990) provides four grounds for terminating temporary disability compensation:

(a) by showing through medical testimony that claimant has reached maximum medical improvement; or

(b) by showing through medical testimony that claimant is able to return to the same or other suitable job, and an impairment rating, if any, and by showing that the employer has provided the same or other suitable job; or

(c) by showing through medical evidence that claimant is unable to return to the same or other suitable job and an impairment rating; or

(d) by showing through the treating physician that claimant has refused medical treatment.

JPS established that Morgan reached maximum medical improvement. Thus, JPS was not required to show Morgan had returned to work or was able to work. This Court recently addressed this issue in *Brown v. Owen Steel Co.*, 316 S.C. 278, 450 S.C. (2d) 57 (Ct. App. 1994). In *Brown* the employee contended the Commission erred in allowing the employer to stop payment of temporary total disability compensation, because, despite establishing "maximum medical healing," the employer failed to establish Brown was no longer disabled. This Court disagreed, holding that when an employer complies with one of the four methods to stop payment under 25A S.C. Code Ann. Regs. 67-507(C)(3) (1990), temporary total benefits

should be terminated. *Id.* at —, 450 S.E. (2d) at 58-59. We conclude the Commission terminated Morgan's temporary total disability pursuant to the appropriate procedure. Thus, we affirm that portion of the Commission's order terminating temporary total disability.

Accordingly, for the foregoing reasons, the decision of the Workers' Compensation Commission is

Affirmed in part, reversed in part, and remanded.

CURETON and CONNOR, JJ., concur.