517 S.E.2d 694

Alphonso SMITH, Petitioner,

v.

SC DEPARTMENT OF MENTAL HEALTH, Employer,
and State Workers' Compensation Fund, Carrier,
Respondents.

No. 24959.

Supreme Court of South Carolina.

Heard May 27, 1999.

Decided June 28, 1999.

Rehearing Denied July 22, 1999.

Preston F. McDaniel, of Columbia, for petitioner.

Ajerenal Danley, of Columbia, and Rose Mary McGregor, of the State Accident Fund, of Columbia, for respondents.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision in *Smith v. SC Dept. of Mental Health,* 329 S.C. 485, 494 S.E.2d 630 (Ct.App.1997). We affirm.

### FACTS

Petitioner, Alphonso Smith, was injured in a work related accident in May, 1989, while employed as a "trades worker" [1] for the Department of Mental Health (DMH). He received workers' compensation benefits and was in and out of work from July, 1989 until April, 1992. Pursuant to a settlement agreement with DMH, Smith began part-time work as a trades helper in April, 1992, and DMH ceased payment of benefits. In August, 1992, Smith was again injured while working and DMH again began paying temporary benefits.

---

1. The position of trades worker involved primarily manual labor and heavy construction work. Smith had been employed by DMH in this capacity since 1977.

In Dec. 1992, DMH filed an application to stop payment of compensation based on a physician's report that Smith had reached maximum medical improvement (MMI) on Nov. 11, 1992. The single commissioner found Smith had reached MMI and held DMH was entitled to stop payment of temporary benefits. The single commissioner awarded compensation for a 35% permanent disability to his back. The Full Commission affirmed, with the exception that it found only a 12% permanent disability to Smith's back. The Circuit Court affirmed the Full Commission. The Court of Appeals affirmed the ruling that DMH was entitled to cease payment of temporary benefits upon a finding Smith had reached MMI, but held Smith was deprived of his due process rights when the Single Commissioner ceased taking testimony at his hearing. Accordingly, the Court of Appeals remanded to Commission for receipt of further evidence regarding the degree of Smith's impairment and disability. The Court of Appeals noted that since DMH had not appealed the Single Commissioner's ruling that Smith had a 35% impairment to his back, the Full Commission should not have reduced it to 12%. There is no issue on certiorari concerning this holding.

## ISSUE

Did the Court of Appeals properly hold DMH was entitled to cease payment of temporary benefits upon a finding of MMI?

### 1. REG. 67–507 [2]

█ Smith claims an employer may not cease payment of

---

2. Reg. 67–507 was repealed by State Register Volume 21, Issue No. 6, Part 2, eff. June 27, 1997. It provided, in pertinent part:

B. Disability is presumed to continue until the employee returns to work.

C. The **employer's representative may request a hearing for permission to terminate compensation benefits** by:

(3) **Attaching the following to the Form 21:**

(a) **A medical certificate of the authorized health care provider stating the claimant has reached maximum medical improvement;** or

(b) A medical certificate of the authorized health care provider stating the claimant is able to return to the same or other suitable job, an impairment rating, if any, and an affidavit of the employer that the same or other suitable job has been provided to the claimant; or

temporary benefits while an employee is under **any** disability.[3] We find this contention untenable.

 The rationale for ceasing **temporary** benefits upon a finding of MMI is to permit entry of a **permanent** award. *See Hines v. Hendricks Canning Co.*, 263 S.C. 399, 211 S.E.2d 220 (1975) (noting that degree of permanent disability cannot be determined prior to MMI). Clearly, if an employee has reached MMI and remains disabled, then his injury is permanent. This is precisely the reason to terminate **temporary** benefits in favor of **permanent** benefits upon a finding of MMI.

Although this Court has not specifically addressed the issue, the Court of Appeals had repeatedly held once the Commission affirms a finding of MMI, it is appropriate to terminate temporary benefits in favor of permanent disability benefits, if warranted by the evidence. *Morgan v. JPS Automotives*, 321 S.C. 2012, 467 S.E.2d 457 (Ct.App.1996) (benefits properly terminated on showing employee reached MMI; employer not required to show employee had returned to work, or was able to work), *cert. dismissed as improvidently granted*, 326 S.C. 261, 486 S.E.2d 263 (1997); *O'Banner v. Westinghouse*, 319 S.C. 24, 459 S.E.2d 324 (Ct.App.1995) (regulation unambiguously allows employer to attach **only** a medical certificate stating claimant has reached MMI to support stop payment application); *Brown v. Owen Steel Co.*, 316 S.C. 278, 450 S.E.2d 57 (Ct.App.1994) (temporary total disability is properly terminated when employer provides **one** of the four certificates required in Regulation 67–507(C)(3) without regard to employee's work status), *cert. denied* 95–OR–590 (S.C.Sup.Ct.

---

(c) A medical certificate of the authorized health care provider stating the claimant is unable to return to the same or other suitable job and an impairment rating; or

(d) A medical certificate of the authorized health care provider stating the claimant refuses medical treatment.

Reg. 67–507 has been rewritten and replaced by Reg. 67–506.

**3.** Since DMH filed to stop payments under Reg. 67–507(c)(3)(a) (regarding maximum medical improvement), while simultaneously indicating Smith still had an impairment rating of 4% to his spine, and was limited in his ability to lift, carry and pull heavy objects, Smith claims he was still under a disability such that temporary benefits should not have been stopped.

May 18, 1995). Further, this Court has implicitly recognized, without discussion, that temporary benefits may be terminated upon a showing of MMI. *Gilliam v. Woodside Mills*, 319 S.C. 385, 461 S.E.2d 818 (1995) (recognizing termination of temporary benefits and replacement with permanent benefits is proper upon finding of MMI).

■ Contrary to Smith's contention, Reg. 67–507 does not alter the burden of proof. S.C.Code Ann. § 42–9–260 (1985) specifically provides that "[t]he Commission shall provide by rule the method and procedure by which benefits may be suspended or terminated for any cause, but such rule shall provide for an evidentiary hearing and Commission approval prior to termination ..."[4] In enacting Reg. 67–507, the Commission set forth the procedure for which benefits could be terminated. The Regulation merely sets four alternative criterion[5] which may be attached to a medical certificate in support of an employer's application to terminate benefits. We find no altered burden of proof.

Finally, Smith contends this Court's opinion in *Coleman v. Quality Concrete Products, Inc.*, 245 S.C. 625, 142 S.E.2d 43 (1965) indicates that benefits may not be terminated until an employee's disability has ceased. We disagree. In *Coleman*, this Court merely held, citing the predecessor to S.C.Code Ann. § 42–9–190, that an employer could be relieved of the obligation of paying temporary total benefits if it offered or procured a suitable job for the employee. *Id.* at 632, 142 S.E.2d at 46. The primary issue in *Coleman* however, was whether or not the employee was totally disabled due, in large part, by reason of his limited education, experience, and inability to obtain other employment.[6] Even if, as Smith

---

4. Section 42–9–260 was rewritten by 1996 Act No. 424 § 6, eff. June 18, 1996. The quoted provision is now contained in Section 42–9–260(F).

5. The medical certificate may state either that a) the claimant has reached MMI, b) the claimant is able to return to a suitable job and setting forth an impairment rating, c) the claimant is unable to return to a suitable job and setting forth an impairment rating, or d) the claimant refuses medical treatment.

6. In its due process analysis, the Court of Appeals noted Smith's claim that the Commission should have found him totally disabled by reason

contends, he is totally disabled, if he has in fact reached MMI, then the proper remedy is to cease temporary benefits, and award permanent compensation. Moreover, *Coleman* did not arise under the current regulations which permit employers to file for a termination of temporary benefits upon demonstrating the employee has reached MMI. *Coleman* is simply inapplicable here.

We find the Court of Appeals properly held DMH was entitled to stop payment of temporary total benefits under Reg. 67–507(C)(3)(a) upon establishing Smith had reached MMI. The Court of Appeals' opinion is therefore

**AFFIRMED.**[7]

FINNEY, C.J., TOAL, MOORE, and BURNETT, JJ., concur.

---

of his lack of education and experience. That Court specifically remanded for a determination anew as to the extent of Smith's disability. 494 S.E.2d at 639, n. 7. Accordingly, the extent of his disability is not before this Court.

7. Smith's remaining issue is affirmed pursuant to Rule 220(b), SCACR: *Peoples Program for Endangered Species v. Sexton,* 323 S.C. 526, 476 S.E.2d 477 (1996) (equal protection analysis).