THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte:
 GuideOne Insurance Company, Carrier, Appellant,
 In 
 Re: 
 John T. Evans, Respondent,
 
 
 

v.

 
 
 
 White Oaks Conference Center, Employer, Appellant.
 
 
 

Appeal From Fairfield County
 Kenneth G. Goode, Circuit Court Judge
Unpublished Opinion No.  2008-UP-122
Submitted January 2, 2008 Filed February
 19, 2008
REVERSED IN PART, AFFIRMED IN PART AND REMANDED 

 
 
 
 Matthew R. Cook, of Columbia, for Appellants.
 J. Marvin Mullis, of Columbia, for Respondent.
 
 
 

PER CURIAM: Employer, White Oak Conference Center (Employer),[1] contends the circuit court erred in reversing the decision of the South Carolina Workers Compensation Commission finding Claimant, John Evans (Evans), (1)
 had not suffered compensable injuries to his left knee and foot as a result of
 an on the job fall, and (2) had reached maximum medical improvement.  We
 reverse in part, affirm in part, and remand.[2] 
FACTS
On January 9, 2004, while working for
 Employer, Evans fell 15 feet from a ladder to the concrete floor below.  Evans
 landed directly on his feet.  An accident report, filled out at the scene of
 the accident, indicates injury to Evans ankle.[3] 
 Later that day, after finishing work, Evans went to the Fairfield Memorial Hospital complaining of problems with his right ankle and foot.  He did not complain
 of any left ankle or knee pain.  Evans was diagnosed with a sprain of the right
 ankle and referred to Dr. Steven Barnett.   
Evans
 reported to Dr. Barnett, three days after the fall, complaining of a tremendous
 pain and swelling around the right ankle and foot.  Evans denied any other
 trauma or injury.  Dr. Barnett indicated Evans was not progressing as quickly
 as I had hoped, and referred Evans to an orthopaedist, Dr. Bradley Presnal of
 the Moore Orthopaedic Clinic.  Dr. Presnal diagnosed a right ankle sprain.  Because
 Evans continued to complain of right ankle pain even after a lengthy recovery period,
 Dr. Presnal referred Evans to Dr. Frank Noojin to rule out the need for
 arthroscopy.   
On
 August 31, 2004, Evans saw Dr. Green Neal via a referral from Evans lawyer.  Evans
 complained to Dr. Neal of left and right ankle pain and left knee pain.  Dr.
 Neal found an enlarged right ankle . . . crepitation in the knees . . . [and
 that] the left ankle does not have that much crepitation but [Evans] complains
 of pain in it.  Dr. Neal diagnosed Evans with Type II diabetes suggesting it is
 the reason [Evans] injuries would not heal.  Evans was also diagnosed with pre-existing
 gouty arthritis with elevated uric acid levels which Dr. Neal believed complicated
 Evans injuries and resulted in slowed recovery and failure to heal.  He also
 found these conditions were aggravated or worsened by the trauma from the
 fall.  Dr. Neal scheduled additional MRIs of Evans left knee and ankle for
 September 14, 2004.   
Meanwhile, on September 2, 2004, Evans returned to Dr. Noojin, but
 did not complain of any injury or pain to his left ankle or knee.  Dr. Noojin found
 Evans at maximum medical improvement (MMI) and assigned a 3% permanent partial
 impairment rating to his right lower extremity.  
Evans
 returned to Dr. Neal on September 28, 2004.  Dr. Neal found: Evans left ankle
 showed a contusion with a small amount of fluid, possibly associated with
 plantar fasciitis; Evans left knee showed a thinning of the ACL suggesting
 degenerative changes; and Evans right ankle evidenced a contusion and tear. 
 Finally, on November 3, 2004, Evans returned to Dr. Noojin complaining, for the
 first time, of bilateral ankle pain.  Yet, Evans did not bring the new MRIs
 nor mention to Dr. Noojin the findings of Dr. Neal.  Dr. Noojin reiterated his
 previous findings and discharged Evans at MMI.   
After an evidentiary hearing, the single commissioner
 issued an order finding Evans had reached MMI, awarding six percent permanent
 partial disability for the lower right extremity, and denying compensability
 for the injuries to the left foot and knee.  The single commissioner explained,
 I give more weight to the reports of the authorized treating physicians than I
 do the testimony of [Evans] physician, who is not a certified orthopedist. 
 The order was affirmed by the full commission.  Evans then appealed to the
 circuit court.  
After a hearing, the circuit court found [t]he substantial
 evidence in the record is susceptible of but one reasonable inference,
 i.e. that the injuries to [Evans] left lower extremity were compensable as
 having been sustained along with the injuries to his right lower extremity in
 the admitted work accident.  (emphasis in original)  Further, the circuit court
 noted no evidence was presented to contradict the expert medical opinion of
 Dr. Neal indicating [Evans] left sided injuries were caused or at the
 very least aggravated by the work fall and injuries.  Thus, the circuit court reversed
 the denial of compensability for Evans left-sided injuries, reversed the order
 of permanent partial disability, and remanded to the full commission for an
 order of causally related medical care.  This appeal follows.  
STANDARD OF REVIEW
Appellate review of
 workers compensation decisions is governed by the South Carolina Administrative
 Procedures Act (APA).  Shealy v. Aiken County, 341 S.C. 448, 454, 535
 S.E.2d 438, 442 (2000); See also Lark v. Bi-Lo, Inc., 276 S.C.
 130, 134-35, 276 S.E.2d 304, 306 (1981).  Pursuant to the APA, a reviewing
 court may affirm the decision of an agency or remand the case for further
 proceedings, or may reverse or modify the decision of an agency if the
 findings, inferences, conclusions or decisions of that agency are clearly
 erroneous in view of the reliable probative and substantial evidence on the
 whole record.  S.C. Code Ann. §1-23-380(A)(6) (2005); see also Bass
 v. Kenco Group, 366 S.C. 450, 456, 622 S.E.2d 577, 580 (Ct. App. 2005).    
 
The
 commission is the ultimate fact finder and is specifically reserved the task of
 assessing the credibility of the witnesses and the weight to be accorded
 evidence.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442.  On appeal, this court
 determines whether the circuit court properly determined whether the commissions
 findings of fact are supported by substantial evidence in the record or whether
 the commissions decision is affected by an error of law.  Geathers v. 3V.
 Inc., 371 S.C. 570, 576, 641 S.E.2d 29, 32 (2007).  Substantial evidence is
 not a mere scintilla of evidence but rather is evidence which, considering the
 record as a whole, would allow reasonable minds to reach the conclusion that
 the commission reached.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442; Rodney
 v. Michelin Tire Corp., 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996).  The
 mere possibility of drawing two inconsistent conclusions from the evidence does
 not prevent the commissions findings from being supported by substantial
 evidence.  Grant v. S.C. Coastal Council, 319 S.C. 348, 353, 461 S.E.2d
 388, 391 (1995).    
LAW/ANALYSIS
Employer contends
 the circuit court erred in reversing the decision of the commission because
 substantial evidence existed to support the decision in full.  We reverse and
 remand.  
Employer contends
 the circuit erred in reversing the commissions finding and conclusion that
 Evans had not suffered compensable injuries to his left knee and foot as a
 result of the fall.  
On
 appeal, the circuit court found the commissions decision was disproportionally
 based on the fact the accident and emergency room reports did not mention left
 sided symptoms and on the lack of evidence as to the left-sided injuries in the
 reports of the authorized physicians.  The circuit court found no expert
 medical evidence was offered to dispute Dr. Neals testimony the left-sided
 injuries were caused or at the very least aggravated by the work fall
 and injuries.  The circuit court concluded, 

 the
 record is susceptible of but one reasonable inference, i.e. that the
 injuries to [Evans] left lower extremity were compensable . . . the
 Commissions decision is unsupported where weight was given only to the opinion
 of the authorized treating physicians yet those physicians made no mention of
 [Evans] pre-existing conditions and left no opinion as to the effect of the
 fall on those conditions or the effect of those conditions on the injuries
 sustained in the fall.

We
 find the commission considered all the medical evidence and other testimony in
 finding Evans suffered no direct impairment of his lower left extremity or to
 his feet as a result of the accident.  The commission considered not only the
 accident report and hospital report from the day of the accident but also the
 reports of the authorized physicians and Dr. Neal.  However, the commission
 made no specific finding of fact concerning the issue of pre-existing
 conditions and possible aggravation presented by Evans.  Under the Workers
 Compensation Act, an injured claimant is entitled to compensation and medical
 benefits for disability arising from a permanent physical impairment in
 combination with a pre-existing impairment if the combined effect results in a
 substantially greater disability.  Curiel v. Envtl. Mgmt. Servs., Op.
 No. 26409 (S.C. Filed Dec. 20, 2007) (Shearouse Adv. Sh. No. 43 at 40) (citing Ellison
 v. Frigidaire Home Prods., 371 S.C. 159, 638 S.E.2d 664 (2006) (applying
 S.C. Code Ann. § 42-9-400 (1985 & Supp. 2005))).  
The
 commission must make specific findings of fact upon which a claimants right to
 compensation is based.  See S.C. Code Ann. §1-23-350 (2005); Shealy
 v. Algernon Blair, Inc., 250 S.C. 106, 109, 156 S.E.2d 646, 648 (1967); 73A
 C.J.S. Public Administrative Law and Procedure §274 (2007) (Where the
 requirements as to administrative findings are contained in statutes, the
 findings must comply therewith.)  An appellate court, reviewing an order of
 the commission, cannot make findings of fact when the commission has failed to
 do so because, in doing so, [the] court would improperly assume the commissions
 role as factfinder.  Nettles v. Spartanburg Sch. Dist. #7, 341 S.C.
 580, 590, 535 S.E.2d 146, 151 (Ct. App. 2000).  In reviewing a final decision of
 an ALJ, as when reviewing a final decision of an agency, the circuit court
 essentially sits as an appellate court to review alleged errors committed by
 the ALJ.  Al-Shabazz v. State, 338 S.C. 354, 379, 527 S.E.2d 742, 755
 (S.C. 2000).  Because the commission did not make specific findings of fact concerning
 the issue of aggravation, we cannot conduct a meaningful review and must reverse
 the circuit courts finding of an aggravated compensable left-sided injury and remand
 the issue to the commission.  See, e.g., Parsons v. Georgetown Steel,
 318 S.C. 63, 456 S.E.2d 366 (1995) (holding an order of the commission that
 does not include sufficiently detailed findings of fact must be remanded to the
 commission)    
Additionally,
 Employer contends the circuit court erred
 in reversing the commissions finding and conclusion that Evans reached MMI.  We
 affirm.
The
 circuit court held the commissions decision to decide the issue of permanent
 partial disability constituted a denial of due process.  The circuit court
 found Evans specified in his Form 50 that he was not requesting a permanency
 determination at this time.  The circuit court concluded Evans was entitled to
 notice of issues to be decided and was entitled to have the commission
 determine only those issues properly brought before it.    
On
 appeal to this court, Employer asserts temporary benefits may be terminated
 upon a showing of MMI, citing Smith v. S.C. Dept of Mental Health, 335
 S.C. 396, 517 S.E.2d 694 (1999) and Anderson v. Baptist Medical Center and
 Palmetto Hospital Trust Fund, 343 S.C. 487, 541 S.E.2d 526 (2001).  Thus,
 because there was substantial evidence to support this finding, specifically
 Dr. Noojins report, Employer claims the circuit court erred in reversing the
 finding of MMI.  However, Employer failed to appeal the circuit courts finding
 the commissions decision on permanent partial disability constituted a denial
 of Evans due process.[4] 
 An unappealed ruling becomes the law of the case.  See Auto Owners
 Ins. Co. v. Langford, 330 S.C. 578, 583 n.2, 500 S.E.2d 496, 498 n. 2 (Ct.
 App. 1998) (noting trial courts ruling on an issue becomes law of the case if
 appellant fails to take exception to it both before the trial court and on
 appeal).  Accordingly, we affirm the circuit courts reversal and remand of the
 commissions finding of MMI.  
CONCLUSION
On
 remand, we direct the commission to allow the parties to submit evidence and
 fully develop the record as to aggravation of any pre-existing conditions, the
 issue of permanent partial impairment and whether Evans has reached MMI.
Therefore,
 the circuit courts order reversing the findings and conclusions of the commission
 are hereby
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED. 

HUFF and PIEPER, JJ., and CURETON, A.J., concur.

[1] Employers Insurance Carrier, Guide One Insurance
 Company, is also listed as an appellant to this action.
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[3] The
 accident report does not indicate whether Evans injured his right or left
 ankle.  
[4] Similarly, on appeal, Evans did not present the
 due process argument used by the circuit court.  Rather, Evans contends the
 circuit court properly reversed the finding of MMI because he was never
 provided treatment for his left lower extremity and thereby has not reached
 MMI.