**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Kimberly Walker, Claimant, Appellant,

v.

Sunbelt Human Advancement, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2015-000692

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-529
Submitted November 1, 2016 – Filed December 21, 2016

**AFFIRMED**

Stephen Benjamin Samuels, of Samuels Law Firm, LLC, of Columbia, and Alton Lamar Martin, Jr., of Martin & Martin, P.A., of Greenville, for Appellant.

Lawson Brenn Watson, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

**PER CURIAM:** In this workers' compensation action against Sunbelt Human Advancement, Employer, and State Accident Fund, Carrier, Kimberly Walker appeals the Workers' Compensation Commission's order, arguing the commission

erred in (1) finding she was not permanently and totally disabled despite the lack of jobs available to someone with her permanent restrictions, and (2) limiting her future medical treatment to palliative care. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Walker's argument the commission erred in finding she was not permanently and totally disabled: *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 108-09, 580 S.E.2d 100, 104 (2003) ("South Carolina recognizes that a claimant may be totally disabled even though he is not altogether incapacitated if such an injury prevents him from obtaining regular employment in the labor market."); *Coleman v. Quality Concrete Prods., Inc.*, 245 S.C. 625, 628-29, 142 S.E.2d 43, 44 (1965) (finding total disability does not require complete helplessness; rather, it is an inability to perform services other than those that are so limited in quality, dependability, or quantity that no reasonably stable market exists for them); *id.* at 630, 142 S.E.2d at 45 (explaining the burden is on the claimant to prove total disability); *id.* at 630-31, 142 S.E.2d at 45 ("[Such] [a]n award . . . may not rest on surmise, conjecture or speculation and must be founded on evidence of sufficient substance to afford a reasonable basis for it."); *Gattis v. Murrells Inlet VFW No. 10420*, 353 S.C. 100, 107, 576 S.E.2d 191, 195 (Ct. App. 2003) ("The Administrative Procedures Act establishes the substantial evidence standard of review for factual findings made by the commission."); *Laws v. Richland Cnty. Sch. Dist. No. 1*, 270 S.C. 492, 495-96, 243 S.E.2d 192, 193 (1978) ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."); *Corbin v. Kohler Co.*, 351 S.C. 613, 624, 571 S.E.2d 92, 98 (Ct. App. 2002) ("[T]he [c]ommission determines the weight and credit to be given to the expert testimony."); *Nettles v. Spartanburg Sch. Dist. #7*, 341 S.C. 580, 592, 535 S.E.2d 146, 152 (Ct. App. 2000) ("Where there is conflicting medical evidence, . . . the findings of fact of the commission are conclusive.").

2.      As to Walker's argument the commission erred in limiting her future medical treatment to palliative care: *Gadson v. Mikasa Corp.*, 368 S.C. 214, 222, 628 S.E.2d 262, 267 (Ct. App. 2006) (concluding that although maximum medical improvement (MMI) is defined as a person that has reached a plateau such that no

further medical care will lessen the degree of impairment, a finding of MMI does not preclude a finding that a claimant may still require medical care); *Dodge v. Bruccoli, Clark, Layman, Inc.*, 334 S.C. 574, 583-84, 514 S.E.2d 593, 598 (Ct. App. 1999) (explaining the issue of whether medical treatment after MMI will tend to lessen a claimant's period of disability is a question of fact to be decided by the commission); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981) (stating the substantial evidence standard of review applies to questions of fact).[1]

**AFFIRMED.**[2]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] Contrary to Walker's argument, we find the commission's order does not preclude her from ever filing a change of condition; however, she would be required to meet the burden of proving a change of condition. *See Krell v. S.C. State Highway Dep't*, 237 S.C. 584, 588, 118 S.E.2d 322, 323 (1961) (requiring a claimant to prove a change of condition and that the change was based upon a causal connection to the original compensable accident).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.