# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Brenda Halsey, Bernay F. Halsey Jr., Demont Halsey, Fredericka Halsey, and Brittany Halsey, Petitioners,

v.

Gwendolette Halsey Simmons, Kenneth Wayne Oglesby, Roderick Terrill Oglesby, any heirs of the Rederick Gaffney Estate, known and unknown, who may claim any interest in the subject property, and any unknown heirs or parties who may claim title or ownership in the real estate which is the subject of this action, Elijah Redish, Jackie W. Williams, as Cherokee County Treasurer, or the Successor in Office, Vernon L. Price, as Delinquent Tax Collector of Cherokee County, or the Successor in Office, Defendants,

Of whom Gwendolette Halsey Simmons, Elijah Redish, Jackie W. Williams, as Cherokee County Treasurer, or the Successor in Office, Vernon L. Price, as Delinquent Tax Collector of Cherokee County, or the Successor in Office are the Respondents.

Appellate Case No. 2020-000401

----

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

----

Appeal from Cherokee County
Gordon G. Cooper, Special Referee

----

Opinion No. 27997
Submitted August 19, 2020 – Filed September 30, 2020

---

**REVERSED AND REMANDED**

---

Richard H. Rhodes and William Hardwick Rhodes, Burts Turner & Rhodes, of Spartanburg, for Petitioners.

Joseph L. Mathis and Joseph L.V. Johnson, Saint-Amand Thompson & Mathis, LLC, both of Gaffney, for Respondent Jackie W. Williams, as Cherokee County Treasurer and Respondent Vernon L. Price, as Delinquent Tax Collector of Cherokee County. George Brandt III, Henderson Brandt & Vieth, PA, of Spartanburg, for Respondent Elijah Redish. Anna-Karina Parker, Winter & Rhoden, LLC, of Gaffney, for Respondent Gwendolette Halsey Simmons.

---

**PER CURIAM:** The petitioners' real property was sold at a delinquent tax sale. The petitioners filed an action in circuit court to challenge the sale, and all parties consented to have the case referred to a special referee for trial. The petitioners agreed to allow the defendants—the respondents here—to present their evidence first. After the testimony of one witness—the county's tax collector—the defendants moved to approve the sale. The special referee granted the motion. The petitioners objected, pointing out, "Your honor, . . . because of the posture and the way you chose to present this case, I, as Plaintiff, could not even present a case-in-chief."

In a subsequent motion to amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, the petitioners summarized the factual presentation they were not permitted to make and explained several theories on how those facts could have changed the outcome of the case. Petitioners argued, for example, that on several occasions years before the sale they explained the correct ownership of the property to county officials; petitioner Brenda Halsey paid $10,002.15 to satisfy back taxes on the property the year before the sale; the tax collector knew the address for the property (Brenda's mailing address) was the "best address" under subsection 12-51-40(a) of the South Carolina Code (2014);[1] during

---

[1] Subsection 12-51-40(a) provides, "The notice [of delinquent property taxes] must be mailed to the best address available, which is either the address shown on the

the redemption period—too late, they argued, because it was after the sale—the tax collector sent notice to Brenda by mail; and—for those reasons and others—the tax collector knew Brenda was an owner of the property, and had "actual knowledge" of her address, as provided in subsection 12-51-40(b) of the South Carolina Code (2014).[2] The special referee denied the motion.

The court of appeals affirmed. *Halsey v. Simmons*, 429 S.C. 385, 837 S.E.2d 919 (Ct. App. 2020). The court of appeals discussed some of the evidence summarized in the Rule 59(e) motion, and then made its own factual findings "there is no reasonable inference that county officials knew or should have known [Brenda] Halsey was the true owner," and "there is no reasonable inference that [Brenda] Halsey was entitled to notice under section 12-51-40 or that the Property's address was the best address available." 429 S.C. at 402, 837 S.E.2d at 929. Acknowledging that Brenda was never allowed to testify, the court of appeals nevertheless found she "was not entitled to notice because there was no record of her as a true owner or evidence that [the tax collector] had *actual knowledge* that she claimed ownership of the Property." 429 S.C. at 397, 837 S.E.2d at 926 (emphasis in original).

The petitioners filed a petition with this Court seeking a writ of certiorari to review the court of appeals' decision. Among the several arguments made in the petition, petitioners argued they were deprived of due process, including the right to be heard and the right to present witnesses and other evidence.

We grant the petition, dispense with briefing, reverse the court of appeals, and remand to the circuit court for a new trial. Rule 43(a) of the South Carolina Rules of Civil Procedure requires, "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules." The Due Process

---

deed conveying the property to him, the property address, or other corrected or forwarding address of which the officer authorized to collect delinquent taxes . . . has actual knowledge."

[2] Subsection 12-51-40(b) provides, "If the taxes remain unpaid after thirty days from the date of mailing of the [subsection 12-51-40(a)] delinquent notice," the tax collector must "take exclusive possession of the property" by "mailing a notice of delinquent property taxes . . . to the defaulting taxpayer and any grantee of record of the property at the address shown on the tax receipt or to an address of which the officer has actual knowledge." The tax collector claimed he did not know who was the defaulting taxpayer and the public record did not reflect the identity of the owner. On this basis, the question of actual knowledge of ownership becomes prominent.

Clause requires all parties be given "an opportunity to be heard in a meaningful way." *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008). "In cases where important decisions turn on questions of fact, due process at least requires an opportunity to present favorable witnesses." *Smith v. S.C. Dep't of Mental Health*, 329 S.C. 485, 500, 494 S.E.2d 630, 638 (Ct. App. 1997), *aff'd*, 335 S.C. 396, 517 S.E.2d 694 (1999); *see also Brown v. S.C. State Bd. of Educ.*, 301 S.C. 326, 329, 391 S.E.2d 866, 867 (1990) ("Where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.").

As we explained, the petitioners raised factual questions to the special referee as to whether the tax collector was required to provide notice of the delinquency and sale—in advance—to Brenda. The special referee and the court of appeals ruled as a matter of law the petitioners could not prevail on those factual questions. The law, however, does not permit a court to issue judgment against a party before giving that party an opportunity to present evidence in support of her position. The special referee did not grant involuntary dismissal pursuant to Rule 41(b), a directed verdict pursuant to Rule 50, or a summary judgment pursuant to Rule 56. The special referee made factual findings and issued judgment in the middle of a trial after hearing from only one witness. While we express no opinion as to which side will ultimately prevail, the special referee's failure to comply with Rule 43(a) and his failure to ensure due process require a new trial.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**