16880

KEETER v. CLIFTON MFG. CO. *ET AL.*

(82 S. E. (2d) 520)

*C. Yates Brown, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Butler & Chapman,* of Spartanburg, *for Respondents,*

June 4, 1954.

Oxner, Justice.

This is an appeal from an order of the Circuit Court reversing in part an award of the Industrial Commission.

While employed as a doffer by the Clifton Manufacturing Company, claimant sustained an injury by accident on March 19, 1952, which arose out of and in the course of his employment. He returned to work on April 29, 1952, and was given a job somewhat lighter than his previous work but with no decrease in wages. Around October 1st he went back to doffing and was so engaged on October 15, 1952, when his claim for compensation was heard by the single Commissioner. It is undisputed that from April 29th to October 15, 1952, his average weekly wage exceeded that received at the time he sustained his injury. He has been paid temporary total disability during the period he was unable to work and the insurance carrier has also paid his medical expenses. In an award filed on May 4, 1953, the single Commissioner found that as a result of the accident, claimant "had a general disability of 25%", but was "performing the same type of work that he performed before the accident and that his average weekly wage has not been

lessened by reason of the accident." The award relating to partial disability was as follows:

"It is ordered, that the defendants shall pay to the claimant, J. C. Keeter, compensation at sixty (60%) per cent of the difference between his average weekly wage before the injury and the average weekly wage which he is able to earn thereafter, but not more than Twenty-five ($25.00) Dollars per week, and in no case the period covered be more than three hundred (300) weeks from the date of the injury, less the number of weeks paid for temporary total disability."

The foregoing award was affirmed by a majority of the full Commission on August 10, 1953. It is conceded that its effect is to render the employer and carrier liable for partial disability if at any time during the period of 300 weeks, claimant is unable because of his injury to earn as much as he did before the accident.

The Circuit Judge reversed that portion of the award relating to future disability. He held that inasmuch as at the time of the hearing before the Industrial Commission. claimant was earning as much or more than he did prior to the accident, there was no basis for allowing compensation; that the authority of the Industrial Commission only extended to passing upon the status of the claim as it stood at the time of the hearing; and that it was not empowered to make an anticipatory finding that claimant's physical impairment may develop into a compensable disability.

"Disability" is defined in the Act, Section 72–10 of the 1952 Code, as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." After providing compensation for total disability in Section 72–151, it is provided in Section 72–152 that when the incapacity for work resulting from the injury is partial, there shall be paid "to the injured employee during such disability a weekly compensation equal to sixty per cent of the difference between

his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter * * *."

With certain exceptions with which we are not now concerned, compensation under the Act is not awarded for the physical injury as such, but for "disability" produced by such injury. The disability is to be measured by the employee's capacity or incapacity to earn the wages which he was receiving at the time of his injury. Loss of earning capacity is the criterion. There is no recognition of the elements of pain and suffering, or of increased discomfort and difficulty in performing the work, as long as there is no diminution in earning capacity. *Parrott v. Barfield Used Parts,* 206 S. C. 381, 34 S. E. (2d) 802; *Dameron v. Spartan Mills,* 211 S. C. 217, 44 S. E. (2d) 465.

It is suggested in the circuit decree and strenuously argued by claimant's counsel that earnings equal to those received prior to the injury are not conclusive of non-impairment of capacity, but at most create a presumption of such non-impairment which may be overcome by other evidence showing that post-injury wages received by an employee are not actually earned. A number of circumstances are called to our attention as demonstrating the unreliability of post-injury earnings as a fair criterion of earning capacity in every case. This is an interesting question which need not be pursued here. In the instant case, the Industrial Commission has not found as a fact that claimant has suffered a diminution in his capacity to earn the wages which he was receiving at the time of his injury, and there is no showing that the compensation now paid him does not accurately reflect his earning capacity.

Having concluded that claimant should be awarded temporary total disability during the period he was away from work and his medical expenses paid, the only other question before the Commission was whether on the record as it then stood, he was entitled to partial disability. Since there was no diminution in earning capacity, clearly he was not. The Commission should have so found and stopped there. It was

without authority to project the award into the future by holding, in effect, that if hereafter claimant's wages fell below those earned previous to his injury, he would be entitled to partial disability based on such difference in earnings. If in the future there should be a change in condition, the only remedy afforded claimant is to apply for a review of the award under Section 72–359. Whether the phrase "change in condition" therein mentioned contemplates only a change in physical condition need not now be decided. There is a conflict in the authorities on this question.

It is true that the Industrial Commission is given a continuing jurisdiction over its awards, but any award made by that body is final except for a review under Section 72–359, which can only be made within twelve months from the date of the last payment of compensation. See *Cromer v. Newberry Cotton Mills,* 201 S. C. 349, 23 S. E. (2d) 19; *Wallace v. Campbell Limestone Co.,* 198 S. C. 196, 17 S. E. (2d) 309; *Atkins v. Charleston Shipbuilding & Drydock Co.,* 206 S. C. 63, 33 S. E. (2d) 46. The act of the Commission in the instant case in undertaking to retain jurisdiction for 300 weeks pending future developments had the effect of circumventing the limitation of twelve months within which an award may be reviewed for change in condition.

The foregoing conclusion is fully sustained by a recent decision of the Supreme Court of North Carolina in *Dail v. Kellex Corporation,* 233 N. C. 446, 64 S. E. (2d) 438, 440. There the claimant was paid for loss of wages due to the injury, together with the medical expenses incurred, after which he returned to work earning as much as he did prior to the accident. The Industrial Commission found that he had a 20% permanent partial disability of a general nature which might in the future develop into compensable disability, and undertook to retain jurisdiction for 300 weeks pending future developments. The terms of the award were strikingly similar to the one made by the Industrial Commission

in the instant case. In holding that such an award exceeded the jurisdiction of the Commission, the Court said:

"The function of the Industrial Commission in respect of plaintiff's claim was to determine whether and to what extent he had suffered a disability within the meaning of the Workmen's Compensation Act and to make an award either granting or denying compensation as the evidence might warrant. This it has done and in so doing it discharged its full duty.

"There is nothing in the statute, G. S. Chap. 97, that contemplates or authorizes an anticipatory finding by the Commission that a physical impairment may develop into a compensable disability. Neither does the statute vest in the Commission the power to retain jurisdiction of a claim, after compensation has been awarded, merely because some physical impairment suffered by the claimant may, at some time in the future, cause a loss of wages. The Commission is concerned with conditions existing prior to and at the time of the hearing. If such conditions change in the future, to the detriment of the claimant, the statute affords the claimant a remedy and fixes the time within which he must seek it. G. S., Section 97–47."

As further sustaining the views herein expressed, see *American Mutual Liability Insurance Co. v. Hampton,* 33 Ga. App. 476, 127 S. E. 155.

Finally, it is stated that under the conclusion we have reached, claimant would suffer a great injustice should his injury cause a diminution in earnings subsequent to the expiration of the time within which an award may be reviewed under Section 72–359. However, we must take the Act as we find it. If there should be an amendment to remedy the situation complained of, the question is one for the Legislature.

The order appealed from is affirmed.

STUKES, TAYLOR and LEGGE, JJ., and J. FRANK EATMON, A. A. J., concur.