22669

SOUTH CAROLINA BAPTIST HOSPITAL, Respondent v. SOUTH CARO-
LINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CON-
TROL, Hospital Corporation of America, HCA South Carolina, Inc.,
Humana, Inc., Humedicenters, Inc., and Richland Memorial Hospital,
of whom South Carolina Department of Health and Environmental
Control and Richland Memorial Hospital are, Appellants.

(353 S. E. (2d) 277)

Supreme Court

*Gen. Counsel Walton J. McLeod, III, Asst. Gen. Counsel
Jacquelyn S. Dickman,* of *South Carolina Department of
Health and Environmental Control;* and *David E. Shipley,*
Columbia, *for appellant South Carolina Department of
Health and Environmental Control.*

*Charles E. Carpenter, Jr.* of *Richardson, Plowden, Grier &
Howser,* Columbia, *for appellant Richmond Memorial Hospi-
tal.*

*Wayne F. Rush* of *Callison, Tighe, Rush, Robinson & Anastasion,* Columbia, *for respondent.*

*Roy McBee Smith* of Spartanburg, *amicus curiae, for South Carolina Hospital Association.*

Heard Dec. 9, 1986.

Decided Feb. 9, 1987.

NESS, Chief Justice:

Richland Memorial Hospital and the South Carolina Department of Health and Environmental Control appeal an order of the circuit court which required the Department to issue certificates of need to four competing suppliers of hospital services. We reverse and remand.

Under the State Hospital Construction and Financing Act, S. C. Code Ann. Sections 44-7-110 through 460 (1985), the Department is required to submit to the Secretary of the United States Department of Health Education and Welfare a State medical facilities plan in accordance with the United States Public Health Service Act (the Hill-Burton Construction Program) and related acts. Section 44-7-240. The 1982 State medical facilities plan reflected a need for 88 additional hospital beds in the Columbia area. South Carolina Baptist Hospital, Hospital Corporation of America, Humana, Inc., and appellant Richland Memorial Hospital applied for certificates of need to construct the additional hospital beds. Three Rivers Health Systems Agency reviewed the competing applications. It recommended that Richland's application be granted and the other three applications be denied. Prior to holding a hearing on the applications, the Department notified each of the applicants that its application had been denied.

The applicants appealed the Department's decision to the DHEC Board, pursuant to Section 44-7-375. The Board appointed a hearing officer, and the applications were consolidated for review. Extensive discovery was conducted and a hearing was scheduled before the hearing officer in September, 1983.

HCA, Humana and Baptist moved before the hearing officer for summary grant of their respective applications. Richland moved to have its application remanded to the

Department for further consideration. The hearing officer concluded that the Department's administrative review process for competing certificates of need was deficient, and recommended the matter be remanded to the Department to develop criteria for proper review of competing applications.

HCA, Humana and the Department sought review of the hearing officer's recommendation before the Board of Health and Environmental Control. After hearing arguments, the Board remanded all applications to the Department. HCA, Humana and Baptist petitioned for judicial review in the circuit court pursuant to the Administrative Procedures Act. *See*, Section 1-23-390 (1986) and Section 44-7-377 (1985). The petitions were consolidated.

Richland and the Department moved to dismiss the petitions on the ground that the Board's decision to remand the applications to the Department was not a final agency decision subject to judicial review.

The trial judge denied the motions to dismiss and reversed the order of remand. He ordered the Department to issue certificates of need to all four competing applicants. The Department and Richland appealed to this Court.

Prior to oral argument in this Court, HCA and Humana withdrew their applications for certificates of need. The appeals based on their applications were dismissed.

The parties have argued on appeal issues relating to the constitutionality of the legislative delegation of authority to the Department and the validity of the criteria for reviewing certificate of need applications. It is unnecessary for us to reach these issues, however, because we hold the trial judge erred in denying the motions to dismiss.

Under the State Hospital Construction and Franchising Act, the preliminary decision regarding an application for a certificate of need is made by the Department. The applicant or any person affected by the decision may seek review by the Board of Health and Environmental Control. The Board is the entity responsible for making the final agency decision on the certificate of need. *See*, S. C. Code Ann. Sections 44-7-320 and 375 (1985); Reg. 61-15, Section 402. *See also, Owen Steel Company, Inc. v. S. C. Tax Commission*, 281 S. C. 80, 313 S. E. (2d) 636 (Ct. App. 1984) [Tax Board of Review, rather than Tax Commission, is the "agency" whose decision

is subject to judicial review under the Administrative Procedures Act].

An agency decision which does not decide the merits ■ of a contested case, but merely remands to the Department for further action is not a final agency decision subject to judicial review. *King v. Singer Company,* 276 S. C. 419, 279 S. E. (2d) 367 (1981); *see also, Owens v. Canal Wood Corp.,* 281 S. C. 491, 316 S. E. (2d) 385 (1984); *Hunt v. Whitt,* 279 S. C. 343, 306 S. E. (2d) 621 (1983). It would be premature for a court to decide the merits of a dispute when the agency responsible for making the decision has not yet had an opportunity to decide the merits of the case.

In this case, judicial review was sought of an inter- ■ locutory decision of the Board. The Board has not yet held the evidentiary hearing required by the State Hospital Construction and Franchising Act, the Administrative Procedures Act, and the Regulations of the Department of Health and Environmental Control. *See,* S. C. Code Ann. Section 44-7-375 (1985); Section 1-23-320(a)(1986); Reg. 61-15, Section 402. The trial judge erred in denying the motion to dismiss. The order of the trial judge is reversed and the matter is remanded to the Department in accordance with the order of the Board.

Reversed and remanded.

GREGORY, CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.