749 S.E.2d 155

**Bernard D. LEE, Respondent,**

**v.**

**BONDEX, INC., and Great American Alliance Insurance Company, Appellants.**

**Appellate Case No. 2011–203326.**
**No. 5173.**

Court of Appeals of South Carolina.

Heard May 8, 2013.

Filed Sept. 25, 2013.

98

E. Ros Huff, Jr. and Shelby H. Kellahan, both of Huff Law Firm, LLC, of Irmo, for Appellants.

Ann McCrowey Mickle, Mickle & Bass, LLC, of Columbia, and Michael Joseph O'Sullivan of the Law Office of Michael Joseph O'Sullivan, of Conway, for Respondent.

FEW, C.J.

Bondex, Inc. and its workers' compensation insurance carrier appeal the decision of the workers' compensation commission awarding Bernard Lee temporary total disability compensation.[1] Bondex argues the commission erred in (1) finding Lee's injuries were compensable, (2) finding Lee was entitled to temporary total disability compensation, and (3) holding its decision on parts of Lee's claim in abeyance. We affirm, and remand for disposition of the remainder of Lee's claim.

## I. Facts and Procedural History

Lee worked for Bondex in a position that required heavy lifting, pushing, and pulling.

On June 2, 2009, Lee and four other Bondex workers installed a large metal hood onto a machine in Bondex's plant. The hood weighed between 1500 and 2000 pounds. Lowell Simpkins, Lee's supervisor, lifted the hood using a forklift. Simpkins drove the forklift to the machine, where Lee and the three other workers were to guide the hood into place.

Lee testified that once they moved the hood into position, Simpkins had to hold it above the machine with the forklift while one worker installed a part between the machine and the hood. However, the forklift had a hydraulic fluid leak and could not hold the hood high enough to install the part. Lee testified that when he and the other workers attempted to lift the hood manually, it fell and a sharp edge of it landed on his left shoulder, pinning him to the ladder on which he was standing. Lee testified he then lifted the hood "up enough to ease out from under it."

Lee immediately told Simpkins his shoulder did not feel right. He tried to continue working, but pain began shooting

1. We refer to the appellants collectively as Bondex.

down his back. After Lee and Simpkins reported the injury, Lee's father picked him up and drove him to the hospital.

Bondex initially paid for Lee's medical care. Dr. Jeffrey Broder restricted Lee from doing any work with his left hand. Bondex placed Lee on light duty, so initially he did not miss any work. His light-duty assignments involved working with bales of polyester fiber, spraying them with water, and then loading the fiber onto a table. He also cleaned machines twice a week.

In late July 2009, Bondex stopped paying for Lee's medical care. He continued working light duty, but he testified his arm would be swollen by the end of his shift each day. Simpkins assigned Lee to change labels on pallets, but because that activity also caused Lee's arm to hurt, he was assigned to sweeping floors.

The day after Bondex discontinued his medical payments, Lee filed a claim with the commission. After a hearing, Lee and Bondex submitted a consent order in which Bondex agreed to pay Lee $5,000 and provide him additional medical treatment. Dr. Timothy Shannon, an orthopedist, imposed additional work restrictions on Lee. When Lee presented Dr. Shannon's work restrictions to Bondex's vice president and an employee from its human resources department, Bondex terminated him.

Lee then filed a claim for temporary total disability benefits, alleging he injured his neck, shoulders, arms, and back. Lee and Simpkins testified at a second hearing before a single commissioner. Both parties submitted medical evidence, including the opinions of doctors, regarding the nature of Lee's injuries and whether they were caused by the hood falling on his shoulder. The commissioner found Lee had not sustained a compensable injury and denied the claim.

A divided appellate panel reversed. Relying on Lee's testimony and the opinions of four doctors, the majority of the appellate panel found that the falling hood caused the injuries to Lee's neck, left arm, and left shoulder, and thus the injuries were compensable. The panel then found that because Bondex did not offer Lee any light-duty work after he presented Dr. Shannon's restrictions, he was entitled to temporary total disability compensation. Finally, noting that Lee was also

seeking compensation for injuries to his right shoulder, right arm, and lower back, the panel decided to hold those parts of Lee's claim in abeyance pending further review.

## II. Finding Lee Sustained a Compensable Injury

■ Bondex argues the appellate panel's factual finding that Lee sustained compensable injuries to his neck, left shoulder, and left arm was "clearly erroneous in view of the reliable, probative, and substantial evidence" in the record. S.C.Code Ann. § 1–23–380(5)(e) (Supp.2012). We disagree. In addition to Lee's testimony that the hood falling on his shoulders caused his injuries, the appellate panel specifically relied on four doctors who examined Lee, each of whom gave the opinion that the accident caused his injuries. The appellate panel specifically found the four doctors' opinions were "more persuasive on the issue of causation" than other medical evidence indicating the injury was not work-related. This credibility determination by the appellate panel, if supported by substantial evidence, is binding on the court. *See* § 1–23–380(5) ("The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact."). We find the appellate panel's decision is supported by substantial evidence, and therefore not clearly erroneous. *See Johnson v. Rent–A–Ctr., Inc.,* 398 S.C. 595, 600–01, 730 S.E.2d 857, 860 (2012) (defining substantial evidence as that "which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached"); *Jones v. Harold Arnold's Sentry Buick, Pontiac,* 376 S.C. 375, 378, 656 S.E.2d 772, 774 (Ct.App. 2008) (stating this court's review of a decision by the commission is limited to determining whether the decision is supported by substantial evidence or is controlled by some error of law). We affirm the commission's finding that Lee sustained compensable injuries to his neck, left shoulder, and left arm.

## III. Awarding Temporary Total Disability Compensation

■ Bondex next argues the appellate panel erred in ruling Lee was entitled to temporary total disability compensation. Specifically, Bondex contends the factual finding that Lee was

temporarily and totally disabled is clearly erroneous in light of the reliable, probative, and substantial evidence in the record. We find substantial evidence in the record to support the finding.

After the accident, Bondex assigned Lee to light-duty work with bales of polyester fiber. When Lee told Simpkins this job made his arm hurt, Simpkins assigned Lee to a job removing old labels from pallets and putting new labels on them. Lee told Simpkins his arm pain prevented him from doing that job, so Bondex had Lee sweep floors.

Later, Dr. Shannon placed Lee under a number of work restrictions. Under these restrictions, Lee could not perform frequent pushing or pulling; he could only occasionally bend, stoop, squat, crouch, reach above his left shoulder, drive, or lift up to ten pounds; he could only infrequently crawl, use stairs, or lift up to twenty pounds; and he could not use a ladder, operate hazardous equipment, or lift anything heavier than twenty pounds. However, Dr. Shannon did not restrict Lee from continuously standing, sitting, walking, reaching above his right shoulder, or performing repetitive work with his hands or feet. Based on these restrictions, Bondex told Lee not to come back to work. We find this evidence sufficient to support the appellate panel's finding that Lee was temporarily and totally disabled, and we affirm its decision to award Lee temporary total disability.

 The claimant bears the burden of proving entitlement to temporary disability compensation. In its brief to this court, Bondex states, "To show that one is entitled to temporary total disability benefits, one must prove that 'the incapacity for work resulting from an injury is total.'" (quoting S.C.Code Ann. § 42–9–10 (Supp.2012)). To meet this burden in a claim for temporary disability benefits, Bondex argues, a claimant must go into the marketplace and seek from other employers a job that does not conflict with his work restrictions. We disagree. This is not a claim for permanent disability compensation. For temporary disability benefits, a claimant must prove only that work restrictions prevent him from performing the job he had before the injury, and that his current employer has not offered him light-duty employment. For sound policy reasons, the workers' compen-

sation system encourages an injured employee who is still able to perform light-duty work to continue working for his current employer until he reaches maximum medical improvement and then, if possible, to return to his previous position. Therefore, while a claimant must prove disability, he is not required to prove he could not find employment with another employer in order to receive temporary disability benefits. Rather, the claimant satisfies his burden by proving work restrictions that prevent him from performing his regular job and the unavailability of light-duty employment through the same employer.

Bondex relies on *Coleman v. Quality Concrete Products, Inc.*, 245 S.C. 625, 142 S.E.2d 43 (1965), in support of its argument that Lee failed to meet his burden of proving entitlement to temporary total disability compensation. We find *Coleman* is not applicable to this case. In *Coleman*, the industrial commission awarded total disability compensation. 245 S.C. at 627–28, 142 S.E.2d at 44. The employer appealed to the county court, which reversed the commission's award "only insofar as the employee was awarded compensation for total disability beyond the date of his discharge by the operating surgeon." 245 S.C. at 628, 142 S.E.2d at 44. The employee, not the employer, appealed that decision to the supreme court. *Id.* Therefore, the only issue before the supreme court in *Coleman* related to disability compensation *after* maximum medical improvement. Since the issue in this case is how the claimant must meet his burden of proof before that point, *Coleman* is inapplicable.

## IV. Holding Parts of Lee's Claim in Abeyance

█ Finally, Bondex argues the appellate panel erred by "holding in abeyance" any decision as to whether Lee also sustained a compensable injury to his back, right shoulder, or right arm. We agree with Bondex that the commission should have decided the entire claim. However, we cannot review a decision that has not been made. *See* § 1–23–380 (providing "[a] party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case" may seek judicial review of that final decision in this court); *Bone v. U.S. Food Serv.*, 404 S.C. 67, 73–74, 744 S.E.2d 552, 556 (2013) (stating " '[a]n agency decision which does not decide the merits of a contested case' "

is not a final decision under section 1–23–380 (quoting *S.C. Baptist Hosp. v. S.C. Dep't of Health & Envtl. Control*, 291 S.C. 267, 270, 353 S.E.2d 277, 279 (1987))).

## V. Conclusion

The order of the workers' compensation commission is **AFFIRMED.** We remand for disposition of the remainder of Lee's claim.

GEATHERS, J., concurs.

LOCKEMY, J., concurring in part, dissenting in part.

I concur with the majority that there is substantial evidence in the record to support the Appellate Panel's finding that Lee suffered a work-related accident. I also agree that we cannot review a decision that has not been made with regard to any remaining alleged injuries. However, I respectfully disagree with their decision to affirm the Appellate Panel's conclusion that Lee was entitled to temporary total disability. I do not believe the Appellate Panel made the necessary findings of fact for this court to determine the issue.

The Appellate Panel found Lee was not offered light duty work by Bondex, and, as a result, it found he was entitled to temporary total compensation. Appellants argue that fact is not conclusive on the issue of Lee's entitlement to total disability compensation.[2] Appellants maintain Lee presented no evidence to establish a total loss of earning capacity, and thus, he was not entitled to temporary total disability compensation.

Regulation 67–503(A)(1) of the South Carolina Code (2012) provides "[t]emporary total or temporary partial compensation is incurred on the eighth calendar day of incapacity and from the first day of incapacity if the injury results in incapacity for more than fourteen calendar days. The seven and fourteen day periods need not be consecutive days." Further, "[i]f the

---

2. In their initial brief, Appellants argue against the factual finding that they did not offer Lee any light duty work. However, the only support they offer for their argument is the light duty work offered in the days after the incident until Lee received his work restrictions. They do not specifically dispute that Lee was not offered any more work after they received his work restrictions.

employer's representative does not pay temporary compensation, the claimant may request a hearing to receive benefits...." Reg. 67–503(D).

"Disability in compensation cases is to be measured by loss of earning capacity." *Coleman v. Quality Concrete Prods., Inc.,* 245 S.C. 625, 628, 142 S.E.2d 43, 44 (1965) (citing *Keeter v. Clifton Mfg. Co.,* 225 S.C. 389, 392, 82 S.E.2d 520, 522 (1954)). "Total disability does not require complete helplessness." *Id.* "Inability to perform common labor is total disability for one who is not qualified by training or experience for any other employment." *Id.* (citing *Colvin v. E.I. Du Pont De Nemours Co.,* 227 S.C. 465, 474, 88 S.E.2d 581, 585 (1955)). The burden is upon the claimant "to prove, in accordance with the generally acceptable test of total disability, that he was unable to perform services other than those that were so limited in quality, dependability, or quantity that a reasonably stable market for them did not exist." *Id.* at 630, 142 S.E.2d at 45; *see also Watson v. Xtra Mile Driver Training, Inc.,* 399 S.C. 455, 463–64, 732 S.E.2d 190, 195 (Ct.App.2012). "An award in his favor may not rest on surmise, conjecture or speculation and must be founded on evidence of sufficient substance to afford a reasonable basis for it." *Coleman,* 245 S.C. at 630–31, 142 S.E.2d at 45.

In contrast to the majority, I believe *Coleman* is applicable to this case. In *Coleman,* the claimant sustained a work-related injury and consequently was not offered any further work from his employer because he could not perform his usual duties. *Id.* at 627, 142 S.E.2d at 43. He was awarded temporary total disability until the date of his hearing before a single commissioner and continuing until the claimant returned to "gainful employment suitable to his capacity," or until it was found the total disability had ceased. *Id.* at 627–28, 142 S.E.2d at 44. The employer appealed the award, contending the employee had not sustained a compensable injury. *Id.* at 628, 142 S.E.2d at 44. The award of temporary total disability was reversed "only insofar as the employee was awarded compensation for total disability beyond the date of his discharge by the operating surgeon," and the case was remanded for determination of any partial disability that the employee might have suffered. *Id.* The employee appealed, and on appeal, the employer argued there was no competent

evidence to support the finding that the employee's earning capacity was totally destroyed as a result of his injury. *Id.*

Our supreme court found the employee proved he had made "not only reasonable, but diligent efforts to secure employment." *Id.* at 631, 142 S.E.2d at 45. The question became whether the evidence was of sufficient substance to afford a reasonable basis for the Appellate Panel to conclude as a matter of fact "that the employee's inability to obtain employment was due to his injury and resultant partial physical incapacity," such that he was entitled to temporary total disability. *Id.* The court found the employee could have offered stronger evidence showing a causal connection between his partial physical incapacity and his unemployment but after considering his efforts in the relatively short period of three months through an employment service and some eighteen possible employers, the court could not say "the evidence was not susceptible of the reasonable inference . . . that his unemployment and inability to obtain work of any kind was the direct result of his injury and resultant limited capacity." *Id.* at 631, 142 S.E.2d at 45–46.

Despite the majority's assertion that the award in *Coleman* is not analogous to the award in this case, our supreme court explicitly stated that "[i]t should be remembered that the award here for total disability was not a permanent one, but a temporary one." *Id.* at 632, 142 S.E.2d at 46. With that in mind, I believe the Appellants present a valid argument. The Appellate Panel granted temporary total disability based solely on Bondex's refusal to offer work. I acknowledge that if Bondex had offered Lee a job, Appellants might have relieved themselves of the burden of paying compensation. *See* S.C.Code Ann. § 42–9–190 (1985) ("If an injured employee refuses employment procured for him suitable to his capacity and approved by the Commission he shall not be entitled to any compensation at any time during the continuance of such refusal."). However, while Bondex's refusal to offer work is a contributing factor to the decision of whether Lee was entitled to temporary total disability, it is not conclusive.

I find that similar to *Coleman,* the decision of temporary total disability must be based upon evidence that Lee is unable to perform services other than those that were so limited in

quality, dependability, or quantity that a reasonably stable market for them did not exist to receive temporary total disability compensation. Here, the Appellate Panel did not make this crucial finding as to Lee's inability to find other work and based their decision solely on the fact that Bondex did not offer any further light duty work. Because the Appellate Panel is the sole fact finder in workers' compensation cases, I think it is appropriate to remand for a determination of whether Lee's earning capacity created a total disability or partial disability.

I want to make clear that I am not making a determination as to whether evidence in the record establishes Lee is unable to obtain work of any kind. The majority appears to make findings of fact to reach their decision, and I believe that is a function of the Appellate Panel and not this court. *See Bartley v. Allendale Cnty. Sch. Dist.*, 392 S.C. 300, 310–11, 709 S.E.2d 619, 624 (2011) (finding this court arguably made improper findings of fact instead of remanding the issue to allow the Appellate Panel to make the necessary factual findings and legal conclusions to resolve the claims); *see, e.g., Fox v. Newberry Cnty. Mem'l Hosp.*, 319 S.C. 278, 280, 461 S.E.2d 392, 394 (1995) ("The duty to determine facts is placed solely on the Commission and the court reviewing the decision of the Commission has no authority to determine factual issues but must remand the matter to the Commission for further proceedings. The reviewing court may not make findings of fact as to basic issues of liability for compensation, where, to do so, would impose upon the court the function of determining such facts from conflicting evidence." (internal citation omitted)); *cf. Smith v. NCCI, Inc.*, 369 S.C. 236, 252, 631 S.E.2d 268, 276–77 (Ct.App.2006) ("When an administrative agency acts without first making the proper factual findings required by law, the proper procedure is to remand the case and allow the agency the opportunity to make those findings."). I simply believe it is the function of the Appellate Panel to make additional findings of fact as to Lee's ability or inability to obtain other work. Accordingly, I would reverse and remand this issue for the Appellate Panel's determination.