**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Martha Perez, Claimant, Respondent,

v.

Alice Manufacturing Company, Inc., Employer, and Great American Alliance Insurance Company, Carrier, Appellants.

Appellate Case No. 2016-001339

———

Appeal From The Workers' Compensation Commission

———

Unpublished Opinion No. 2017-UP-233
Submitted April 1, 2017 – Filed May 31, 2017

———

**AFFIRMED**

———

E. Ros Huff, Jr., and Shelby G. Hapeshis, both of Huff & Hapeshis, LLC, of Irmo, for Appellants.

Woodrow Grady Jordan, of Smith, Jordan and Lavery, P.A., of Easley, for Respondent.

———

**PER CURIAM:** Alice Manufacturing Company (Alice Manufacturing) and Great American Alliance Insurance Company (collectively, Appellants) appeal the order

of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel).  We affirm.[1]

First, we find substantial evidence supports the Appellate Panel's finding Martha Perez suffered a compensable injury.  *See Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 386, 732 S.E.2d 500, 502 (2012) (noting the South Carolina Administrative Procedures Act (APA) governs this court's review of an appeal from the Appellate Panel); *Hall v. United Rentals, Inc.*, 371 S.C. 69, 79, 636 S.E.2d 876, 882 (Ct. App. 2006) ("Pursuant to the APA, this court's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by some error of law."); *Bentley v. Spartanburg Cty.*, 398 S.C. 418, 421-22, 730 S.E.2d 296, 298 (2012) ("Substantial evidence . . . is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached."); *Langdale v. Carpets*, 395 S.C. 194, 200, 717 S.E.2d 80, 83 (Ct. App. 2011) ("[T]he weight to be accorded evidence is reserved to the Appellate Panel." (quoting *Frame v. Resort Servs. Inc.,* 357 S.C. 520, 528, 593 S.E.2d 491, 495 (Ct. App. 2004))).

Second, we find the Appellate Panel properly found Perez was entitled to temporary total disability.  *See Lee v. Bondex, Inc.*, 406 S.C. 97, 102, 749 S.E.2d 155, 157 (Ct. App. 2013) ("For temporary disability benefits, a claimant must prove only that work restrictions prevent him from performing the job he had before the injury, and that his current employer has not offered him light-duty employment.").

Third, we find the Appellate Panel's findings of contested facts were properly made and sufficiently detailed to enable this court to determine whether the evidence supported its findings.  *See* S.C. Code Ann. § 42-17-40(A) (2015) ("The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, must be filed with the record of the proceedings and a copy of the award must immediately be sent to the parties in dispute."); *Aristizabal v. I. J. Woodside-Div. of Dan River, Inc.*, 268 S.C. 366, 370-71, 234 S.E.2d 21, 23 (1977) ("If a material fact is contested, the [single c]ommissioner must make a specific, express finding on it."); *Canteen v. McLeod Reg'l Med. Ctr.*, 400 S.C. 551, 558-59, 735 S.E.2d 246, 250 (Ct. App. 2012) ("The findings of fact made by the Appellate Panel must be sufficiently detailed to enable the reviewing court to determine whether the evidence supports the findings.").  We also find the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Appellate Panel did not err in the first challenged conclusion of law. *See Hall*, 371 S.C. at 79, 636 S.E.2d at 882 ("Pursuant to the APA, this court's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by some error of law."); *Bentley*, 398 S.C. at 421-22, 730 S.E.2d at 298 ("Substantial evidence . . . is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached."). Further, we need not address Appellants' allegation of any error in the remaining challenged conclusions of law because our disposition as to previous issues is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues on appeal when the disposition of a prior issue is dispositive); S.C. Code Ann. § 42-15-60(A) (2015) (requiring an employer of injured employee to "provide medical, surgical, hospital, and other treatment . . . as reasonably may be required"); S.C. Code Ann. § 42-9-10(A) (2015) ("When the incapacity for work resulting from an injury is total, the employer shall pay, or cause to be paid, as provided in this chapter, to the injured employee during the total disability a weekly compensation . . . .").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**