**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James M. Stevenson, Claimant, Appellant,

v.

Arnold Laney D/B/A Metal & Roofing Shingle Pros, Employer, and South Carolina Workers' Compensation Uninsured Employers' Fund, Defendants, Respondents.

Appellate Case No. 2019-000613

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2022-UP-010
Submitted November 1, 2021 – Filed January 12, 2022

———————

**AFFIRMED**

———————

James David George, Jr. and C. Daniel Vega, of Chappell Smith & Arden, of Columbia, for Appellant.

Timothy Blair Killen, of Holder, Padgett, Littlejohn & Prickett, LLC, of Mt. Pleasant, for Respondents.

———————

**PER CURIAM:** James M. Stevenson appeals the order of the Workers' Compensation Commission denying his claim for workers' compensation benefits. On appeal, Stevenson argues the Commission erred by finding (1) Stevenson was not an "employee" of Arnold Laney d/b/a Metal & Roofing Shingle Pros (Laney),

(2) Laney was not subject to the Workers' Compensation Act, (3) Stevenson failed to establish his claim was within the Commission's jurisdiction, (4) Stevenson's testimony was not credible, and (5) Stevenson failed to provide corroborating testimony.  We affirm.

1. We hold the Commission did not err in finding that Laney was not subject to the Workers' Compensation Act because he did not regularly employ four or more employees.  *See* S.C. Code Ann. § 42-1-360(2) (2015) (stating an employer who does not regularly employ four or more employees in the same business is not subject to the Workers' Compensation Act); *Lee v. Bondex, Inc.*, 406 S.C. 97, 101, 749 S.E.2d 155, 157 (Ct. App. 2013) ("[C]redibility determination[s] by the appellate panel, if supported by substantial evidence, [are] binding on the [appellate] court[s]."); *Johnson v. Rent-A-Ctr., Inc.*, 398 S.C. 595, 600, 730 S.E.2d 857, 860 (2012) ("Substantial evidence . . . is evidence which, considering the record as a whole, would allow reasonable minds to reach the [same] conclusion . . . ."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 600 (Ct. App. 2009) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the Commission's] finding from being supported by substantial evidence." (quoting *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))); *Crane v. Raber's Discount Tire Rack*, 429 S.C. 636, 645, 842 S.E.2d 349, 353 (2020) ("In cases in which we affirmed factual findings of the [C]ommission based on its credibility determination, we did so because it made sense for the [C]ommission to use credibility as the dispositive factor in deciding the particular issue."); *Langdale v. Carpets*, 395 S.C. 194, 203, 717 S.E.2d 80, 84-85 (Ct. App. 2011) (affirming the Commission's reliance on its credibility determination to decide a factual issue because the evidence presented was conflicting).  Thus, the Commission correctly found it did not have jurisdiction over Stevenson's claim.  *See Hernandez-Zuniga v. Tickle*, 374 S.C. 235, 244, 647 S.E.2d 691, 695 (Ct. App. 2007) ("The issue of whether an employer regularly employs the requisite number of employees . . . is jurisdictional." (quoting *Harding v. Plumley*, 329 S.C. 580, 584, 496 S.E.2d 29, 31 (Ct. App. 1998))).

2. Because our holding that Laney is not subject to the Act is dispositive, we decline to address Stevenson's remaining issues.  *See Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 617, 703 S.E.2d 221, 225 (2010) ("Because an appellate court need not address remaining issues when disposition of a prior issue is dispositive, an analysis of the remaining issues in unnecessary."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598

(1999) (holding appellate courts need not address remaining issues when determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**WILLIAMS, A.C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.