**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernard Bagley, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2019-000934

———————————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————————

Unpublished Opinion No. 2022-UP-008
Submitted November 1, 2021 – Filed January 12, 2022

———————————

**AFFIRMED**

———————————

Bernard Bagley, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Bernard Bagley appeals an order from the Administrative Law Court (ALC) dismissing his appeal of a determination by the Department of Probation, Parole and Pardon Services (the Department) that he could not be considered for a pardon because he was eligible for parole. On appeal, Bagley

argues the ALC erred in finding he did not comply with SCALC Rule 59(C), and did not exhaust his administrative remedies. The ALC did not err because the record does not indicate that Bagley ever submitted, or was precluded from submitting, a formal pardon application. Accordingly, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 334, 210 S.E.2d 309, 310 (1974) ("The burden of proof is on the appellant to convince [an appellate court] that the lower court was in error. In order to do this he must place in the record sufficient [evidence] to serve as a foundation for his argument . . . ."); SCALC Rule 59(C) ("The notice of appeal from the final decision to be heard by the [ALC] shall be filed with the [ALC] and . . . . shall contain . . . a copy of the final decision which is the subject of the appeal . . . ."); *Brown v. James*, 389 S.C. 41, 52 n.11, 697 S.E.2d 604, 610 n.11 (Ct. App. 2010) ("[T]he finality requirement is concerned with whether the initial agency decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury . . . ." (quoting *Darby v. Cisneros*, 509 U.S. 137, 144 (1993))); *S.C. Baptist Hosp. v. S.C. Dep't of Health & Env't Control*, 291 S.C. 267, 270, 353 S.E.2d 277, 279 (1987) ("An agency decision which does not decide the merits of a contested case . . . is not a final agency decision subject to judicial review."); *Brown*, 389 S.C. at 48, 697 S.E.2d at 608 ("The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act." (quoting 2 Am. Jur. 2d *Administrative Law* § 595 (1962))).[1]

**AFFIRMED.**[2]

**WILLIAMS, A.C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] Although Bagley also argues the ALC had subject matter jurisdiction to hear his case and erred in declining to reverse the Department's determination, these issues are not preserved for appellate review because they were not ruled upon by the ALC. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC] to be preserved for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.